### JAMES LITTELL *vs.* ALFRED B. HINMAN *et. al.*

An order entered after verdict and *before* judgment, extending time for settling bill of exceptions is as valid and binding as if made *after* judgment.

*Wayne Circuit, March,* 1871.

*Dickerson & Dickerson,* for Plaintiff.

*C. A. Kent,* for Defendants.

*By the Court,* PATCHIN, J.—This case was tried in the November term, 1870, and a verdict rendered against defendants on the 15th day of December, 1870. On the 13th of January, 1871, an order was entered extending the time in which to settle a bill of exceptions until the further order of the Court.— January 19, 1871, a motion for a new trial was argued and sub mitted. January 23, 1871, the motion for a new trial was denied and judgment was at the same time entered on the verdict, the 24th day of January, 1871, being the first day of the next succeeding term. No further order extending the time has been made since, and now, (March 20, 1871, being the next term after the cause was tried) the defendant presents a bill of exceptions for settlement.

The plaintiff objects, on the ground that the term at which the cause was tried having passed, the Court cannot now extend

the time so as to settle a bill of exceptions. The statute provides that a bill of exceptions shall be settled as provided by the rules of Court. (*C. L.*, § 3439.) Rule 85 provides that a bill of exceptions shall be settled during the term at which the trial was had, unless the Court or Circuit Judge shall otherwise order.

The Supreme Court, in construing this rule, say that a bill of exceptions must be settled at the term in which judgment was entered, or an order entered at that term, extending the time. 14 *Mich.*, 334.

It is conceded in this case that the order extending the time was entered at the same term of the judgment. But it is claimed that, being entered before the judgment, it was not binding, and therefore cannot be now considered.

If the order was premature and the bill of exceptions could not be settled until after judgment, there would be some force to the objection. But if, on the other hand, a bill could be settled at the time the order was taken, it was already within the power of the Court to extend the time for that purpose. A bill of exceptions has been defined to be the statement in writing of the objections made by a party in a cause to the decision of the Court on a point of law. The object of the bill of exceptions is to put the question of law on record for the information of the Court of error having jurisdiction of the cause.

The theory of the law is that the bill of exceptions must be tendered at the time the decision complained of is made; or if the exception be to the charge of the Court, it must be made before the jury have given their verdict.

In practice, however, the point is merely noted at the time and the bill settled afterward, being, however, nothing more than a mere amplification of the notes already taken, and containing only those points to which exceptions have been made.

The statute only limits the time for completing the bill, leaving the exceptions to be made as above indicated. It will be seen then, that the bill of exceptions in a cause is really made (although not put in form), even before the verdict; and inasmuch as it is only intended to contain such matters as do not appear upon the record proper, and only such as are completed be-

fore the judgment, it follows. in the absence of any statute prohibiting it, that a bill of exceptions may be settled before judgment.

In the case at bar, then, a bill of exceptions could have been settled at the time the order extending the time was entered.

It follows, therefore, that the order was valid and the time properly extended. The objection to settling a bill of exceptions must therefore be overruled.